ATTORNEY FOR APPELLANT
Mark A. Kopinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

_____

No. 71S03-0507-CR-322

AARON ANTHONY JOHNSON,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

_____

Appeal from the St. Joseph Superior Court, No. 71D02-0304-MR-00015
The Honorable John M. Marnocha, Judge
_____

On Petition to Transfer from the Indiana Court of Appeals, No. 71A03-0402-CR-102
_____

**July 19, 2005**

**Shepard, Chief Justice.**


Appellant Aaron Johnson received enhanced and consecutive sentences for a series of particularly brutal crimes. The Court of Appeals held that he had waived a claim under Blakely v. Washington. We examine his claim on the merits and affirm.

**Facts and Procedural History**

On April 24, 2003, at around 11 p.m., Johnson, Terrease Nesbitt, and Antonio Pettrie set out to rob Brian Chambers when he left work in South Bend. As they pursued their mark, Chambers dropped to the ground and folded up, trying to hold on to his wallet. His pursuers kicked him in the ribs, and Chambers then gave it up.

Later that night, the same three men and Sylvester Dingle picked up twenty-year-old M. B. in their SUV as she walked home from a friend's house. Over the course of the next several hours and at various locations, the four men repeatedly raped M.B. and forced her to perform oral sex on them. At about 2:30 a.m., they stopped in a park, and Nesbitt shot both Johnson and Dingle. Pettrie then shot M.B. Dingle died as the result of multiple gun shot wounds.

The State charged Johnson with: robbery, a class C felony; rape, a class B felony; criminal deviate conduct, a class B felony; and felony murder. The jury found him guilty on the first three counts.

In sentencing Johnson, the trial court found the following aggravating circumstances: 1) the nature and circumstances of the offense; 2) Johnson was on probation at the time of the crimes; and 3) Johnson's adult criminal history (an Illinois felony conviction for possession of a controlled substance in 1996 and another in 1999, an 2003 misdemeanor conviction for resisting arrest in Indiana, and a 2003 misdemeanor conviction for battery in Indiana). (Appellant's App. at 233-34, Tr. at 721-23.) It found Johnson's remorse and the fact that he was shot during the crimes as mitigating. After concluding that the aggravators outweighed the mitigators, the court sentenced Johnson to eight years for robbery, twenty years for rape, and twenty years for criminal deviate conduct, all to be served consecutively.

The Court of Appeals affirmed, holding among other things that Johnson had waived any Blakely claim. Johnson v. State, No. 71A03-0402-CR-102, slip op. at 20 n.7, 23 (Ind. Ct. App. Nov. 5, 2004)vacated. We grant transfer and hold that Johnson preserved a Blakely claim by challenging the appropriateness of his sentence in his initial appellate brief and invoking Blakely

on rehearing. See Smylie v. State, 823 N.E.2d 679, 690-91 (Ind. 2005). We summarily affirm the Court of Appeals' disposition of the various claims Johnson raised about his conviction, Ind. Appellate Rule 58(A), and take up his sentencing issue.

For Blakely purposes, there are at least four proper ways to enhance a sentence with aggravating circumstances: 1) a prior conviction; 2) a fact found by a jury beyond a reasonable doubt; 3) admissions by the defendant; or 4) during a guilty plea where a defendant has waived Apprendi rights and stipulated to facts or consented to judicial fact-finding. Trusley v. State, __ N.E.2d __, 2005 WL 1415414, at *2 (Ind. June 17, 2005). See also Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531, 2537, 2541 (2004); United States v. Booker, 543 U.S.__, 125 S.Ct. 738, 756 (2005).

The first aggravator found by the trial court, the nature and circumstances of the crimes, falls into the third category. In finding this aggravator, the trial court relied on specific facts, such as M.B. was sexually assaulted over an extended period of time at different places, a weapon was used, and threats were made to kill her and throw her in a river. (Tr. at 721.) Johnson admitted each of these facts in his trial testimony.[1]

The third aggravator, Johnson's adult criminal history, is of course a proper consideration for the trial court. While we have yet to determine whether a trial court finding that a defendant was on probation at the time of an offense must first be found by a jury to be used for enhancing

---

[1] "I didn't even get a block away when Nesbitt was trying to take off her shirt and he said . . . 'I'm going to kill this broad right now.'" (Tr. at 593.) "They started raping her. . . . They led me to like three or four different houses." (Tr. at 595.) "I seen it [the gun] when Nesbitt told Pettrie, 'Man, give me the pistol, I'm going to kill this broad right now.'" (Tr. at 601.)

    [Prosecutor:] You drove them to Howard Park even knowing that these guys
    were in the midst of raping this girl?
    [Johnson:] Knowing that they were going to try to throw her in the river and kill
    her too, yeah. I was trying to keep -- it wasn't no plan to go to Howard Park,
    they led me to Howard Park. I didn't know that we was going to a park.
    [Prosecution:] And you followed their instructions.
    [Johnson:] And they got a gun, yes, ma'am, I did.

(Tr. at 635).

    Of course, Johnson was attempting to deflect culpability in admitting these facts. While it is a jury determination as to what weight to give this testimony in determining guilt for the underlying crimes, Johnson's factual admissions are still relevant considerations for the court in finding aggravating circumstances.

a sentence, it can certainly be used to support consecutive sentences, <u>Smylie</u> 823 N.E.2d 686, and we consider it here only for that purpose.

The trial court imposed the maximum sentence for each of the three felonies and ran them consecutively for a total of forty-eight years. Maximum sentences are reserved for the worst offenders and offenses. <u>Payton v. State</u>, 818 N.E.2d 493, 498 (Ind. Ct. App. 2004). While Johnson's criminal history is not as extensive as many others we have seen, we find a few factors of import: 1) both of Johnson's misdemeanors were crimes of violence or physical force, thus making them significant to the present crimes; 2) Johnson had accumulated this history at the young age of twenty-five; and 3) the particularly heinous nature and circumstances of these crimes. We think the sentence was appropriate to the offense and the offender.

## Conclusion

We affirm the trial court.

Dickson, Sullivan, Boehm, Rucker, JJ., concur.

4