Tom WILLIAMS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–0505–CR–396.

Court of Appeals of Indiana.

Jan. 17, 2006.

Opinion Granting Rehearing
April 11, 2006.

John T. Wilson, Anderson, for Appellant.

Steve Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MATHIAS, Judge.

Tom Williams ("Williams") pled guilty in Madison Superior Court to battery by means of a deadly weapon, a Class C felony, criminal recklessness, a Class A misdemeanor, and criminal mischief, a Class A misdemeanor. He appeals his sentence, arguing that the trial court improperly sentenced him to an enhanced term and that his sentence is inappropriate. Concluding that the trial court improperly sentenced Williams and that his sentence is inappropriate, we reverse and remand with instructions to reduce his sentence to the presumptive term.

### Facts and Procedural History

On June 24, 2004, during an argument with his sister, Linda Williams ("Linda"), Williams twice rammed his sister's car with his vehicle. After Linda exited her car, Williams rammed her unoccupied vehicle again, causing it to strike her. Linda was thrown several feet by the impact. The State charged Williams with battery by means of a deadly weapon, a Class C felony, criminal recklessness, a Class A misdemeanor, and criminal mischief, a Class A misdemeanor. Williams filed a motion for psychological evaluation, which the trial court granted. On August 3, 2004, Williams filed a notice of intent to use the defense of mental illness. Williams was then evaluated by a psychiatrist and psychologist. The trial court conducted a competency hearing on November 29, 2004, and determined that Williams was competent to stand trial.

On February 7, 2005, Williams entered into a plea agreement whereby he agreed to plead guilty to all three counts, with the sentences to be run concurrently. In exchange, the State agreed not to file enhanced charges of attempted aggravated battery as a Class B felony or attempted murder as a Class A felony.

The trial court conducted a sentencing hearing on February 23, 2005, and sentenced Williams to the maximum term of eight years on battery with a deadly weapon, and one year on each misdemeanor conviction, to be served concurrently. Williams now appeals his eight-year sentence for Class C felony battery.

### Discussion and Decision

 Sentencing decisions are within the trial court's discretion and will be reversed only for an abuse of discretion. *Matshazi v. State*, 804 N.E.2d 1232, 1237 (Ind.Ct.App.2004), *trans. denied.* The trial court must determine which aggravating and mitigating circumstances to consider when increasing or reducing a sentence and is responsible for determining the weight to accord these circumstances. *Id.* When a defendant is sentenced to a term of imprisonment that is greater than the presumptive sentence, this court will examine the record to ensure that the trial court explained its reasons for selecting the sentence it imposed. In particular, the sentencing court's statement of reasons must include: (1) an identification of the significant aggravating and mitigating circumstances; (2) specific facts and reasons that led the court to find the existence of such circumstances; and (3) an articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence. *Bacher v. State*, 722 N.E.2d 799, 801 (Ind.2000).

In *Blakely v. Washington*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 542 U.S. 296, 301, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), (quoting *Apprendi v. New Jersey*, 530 U.S. 466,

490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). Our supreme court has held that under *Blakely* there are at least four proper ways to enhance a sentence with aggravating circumstances: 1) a prior conviction or juvenile adjudication; 2) a fact found by a jury beyond a reasonable doubt; 3) admissions by the defendant; or 4) during a guilty plea where a defendant has waived *Apprendi* rights and stipulated to facts or consented to judicial fact-finding. *Johnson v. State*, 830 N.E.2d 895, 897 (Ind. 2005) (citing *Trusley v. State*, 829 N.E.2d 923, 925–26 (Ind.2005); *Ryle v. State*, 842 N.E.2d 320, 321–23 (Ind.2005)).

At Williams's sentencing, the trial court found the following aggravators: (1) that the facts of the crime were "particularly heinous, totally unjustified, and absolutely irrational response to something," (2) Williams's criminal history, and (3) that he was in need of rehabilitation. Appellant's App. pp. 78–79. Williams argues that his sentence was improperly enhanced because these aggravating factors were neither found by a jury nor admitted in accordance with the holding in *Blakely*. He also argues, in more general terms, that the trial court improperly applied the aggravators and failed to consider substantial mitigating circumstances.

## I. Aggravating Circumstances

### A. *Nature and Circumstances*

■ The trial court relied upon the nature and circumstances of the crime, specifically that the facts were a "particularly heinous, totally unjustified, and absolutely irrational response…hitting his sister's car a third time and causing…his sister [to be] thrown some feet across the yard and suffering—I mean, this could be a murder case right now." Tr. pp. 79–80. The State contends that because Williams stipulated to the accuracy of his presentence investigation report ("PSI"), and because he relied on information contained in the PSI in his own testimony, he should be deemed to have admitted to the facts and circumstances of the crime.

Our supreme court has recognized nature and circumstances of the crime as a proper aggravating circumstance under *Blakely* where the sentencing court relies on specific facts admitted to by the defendant. *See Johnson*, 830 N.E.2d at 897. The court has also observed that a defendant's "Sixth Amendment rights are not implicated when the language of an aggravator is meant to describe the factual circumstances, not to serve as a fact itself." *Morgan v. State*, 829 N.E.2d 12, 17 (Ind. 2005).

At his sentencing hearing, Williams acknowledged that he had read the PSI and had no additions or corrections to make to it. Tr. p. 69. The State contends that this acknowledgement amounts to an admission of the nature and circumstances of the crime. However, the particular facts relied on by the trial court in assessing the nature and circumstances—that Williams hit his sister's car three times, eventually striking her and exposing her to possible serious injury—are not contained within the PSI. *See* Appellant's App. pp. 23–29. Therefore, we cannot conclude that Williams admitted to them, nor did he admit to these facts during his plea or sentencing hearings. Therefore, this aggravator violates *Blakely* and may not be used to enhance Williams's sentence. *See Trusley*, 829 N.E.2d at 927.

### B. *Criminal History*

■ Next, Williams argues that the trial court improperly relied on a single juvenile adjudication and a pending battery charge in another court as aggravating. As noted above, Williams acknowledged the accuracy of his PSI, which stated that he had a juvenile adjudication for criminal mischief, as well as a pending

charge for battery in another court. Appellants' App. p. 25. Juvenile adjudications are properly considered "prior convictions" for *Apprendi* purposes and are proper sentencing considerations for a trial judge. *Ryle,* at 321. However, a pending charge is clearly an improper aggravator under *Blakely.* Thus, the trial court properly considered Williams's juvenile adjudication as an aggravating circumstance but erred when it relied on his pending charge in another court.

### C. *Need for Rehabilitation*

■ Williams also contends that the trial court improperly enhanced his sentence based upon his need for rehabilitation. This factor may be used to enhance a sentence above the presumptive only if the trial court provides a specific or individualized reason as to why the defendant requires correctional treatment in excess of the presumptive term. *Newsome v. State,* 797 N.E.2d 293, 299 (Ind.Ct.App.2003), *trans. denied.* Every executed sentence involves incarceration. *Cotto,* 829 N.E.2d 520, 524 (Ind.2005). Accordingly, there must be a specific and individualized statement explaining why extended incarceration is appropriate. *Id.* The trial court here made no such individualized statement and consequently the use of this aggravating circumstance was improper.

### II. Mitigating Circumstances

■ Williams also argues that the trial court failed to consider two significant mitigating circumstances: his guilty plea and his mental illness.

The finding of mitigating factors is within the discretion of the trial court. It is true that a trial court is not obligated to weigh or credit the mitigating factors in the manner a defendant suggests they should be weighed or credited. However, when a trial court fails to find a mitigator that the record clearly sup-

ports, a reasonable belief arises that the mitigator was improperly overlooked. *Cotto,* 829 N.E.2d at 525 (internal citations omitted). *See also Creager v. State,* 737 N.E.2d 771, 782 (Ind.Ct.App.2000), *trans. denied* ("We will conclude that a trial court overlooked a mitigating circumstance only when the record contains substantial evidence of a significant mitigating circumstance.").

### A. *Guilty Plea*

■ " '[A] defendant who willingly enters a plea of guilty has extended a substantial benefit to the state and deserves to have a substantial benefit extended to him in return.' " *Francis v. State,* 817 N.E.2d 235, 237 (Ind.2004) (quoting *Scheckel v. State,* 655 N.E.2d 506, 511 (Ind.1995)). "A guilty plea demonstrates a defendant's acceptance of responsibility for the crime and extends a benefit to the State and to the victim or the victim's family by avoiding a full-blown trial." *Id.* at 237–38. Therefore, "a defendant who pleads guilty deserves to have mitigating weight extended to the guilty plea in return." *Id.* at 238. However, "the significance of this mitigating factor will vary from case to case." *Id.* at 238, n. 3. A guilty plea is not necessarily a significant mitigating factor. *Cotto,* 829 N.E.2d at 525–26 (citing *Sensback v. State,* 720 N.E.2d 1160, 1165 (Ind.1999)). Here, however, the trial court erred when it did not identify Williams's guilty plea as a mitigating factor at all. Williams's plea is a mitigating factor entitled to some weight. *Id.* at 526.

### B. *Mental Illness*

■ At sentencing, trial courts should consider what mitigating weight, if any, to assign to evidence of mental illness. *Cox v. State,* 780 N.E.2d 1150, 1162 (Ind. Ct.App.2002) (citing *Powell v. State,* 751 N.E.2d 311, 318 (Ind.Ct.App.2001)). "The

trial court is not obligated to give the evidence the same weight the defendant does." *Id.* Documented mental illness, especially if it has some connection to the crime involved, must be given some, and sometimes considerable weight in mitigation. *Biehl v. State,* 738 N.E.2d 337, 340 (Ind.Ct.App.2000), *trans. denied.* In *Biehl,* our court "outlined several considerations that bear on the weight, if any, that should be given to mental illness in sentencing." *Id.*

These factors include: (1) the extent of the defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime.

*Id.* (citing *Weeks v. State,* 697 N.E.2d 28, 31 (Ind.1998) (citing *Archer v. State,* 689 N.E.2d 678, 685 (Ind.1997))).[1]

▮ As part of Williams's competency determination, the trial court heard testimony and reviewed reports from Dr. Susan Anderson and Dr. Frank Krause, two mental health professionals who had evaluated Williams pursuant to the trial court's order. Dr. Anderson reported that Williams "appears to have [ ] depression, probably an adjustment disorder," that she lacked information to make a further diagnosis, but that it "is likely he has some other sort of psychiatric problem[.]" Ex. Vol. p. 2. Dr. Krause reported to the court that Williams "has thwarted social and academic development [placing] him intellectually with eight or nine-year olds." Ex. Vol. p. 4.; Tr. p. 34. Dr. Krause also opined that Williams meets the Diagnostic and Statistical Manual of the American Psychiatric Association criteria "for one who has a mental disease/defect (mild mental retardation)." *Id.;* Tr. p. 36. In light of these facts and circumstances, we conclude that Williams's mental illness merits at least some mitigating weight.

▮ Thus, the trial court improperly considered the nature and circumstance of the crime, a pending battery charge, and the defendant's need for rehabilitation as aggravating circumstances, but could properly consider his prior juvenile adjudication. The trial court also improperly failed to consider Williams's guilty plea and documented mental illness as mitigating circumstances. Under these facts and circumstances, we conclude that the trial court abused its discretion in sentencing Williams to a maximum sentence.

## II. Inappropriate Sentence

▮▮ Finally, Williams contends that his sentence is inappropriate. Appellate courts have the constitutional authority to revise a sentence if, after consideration of the trial court's decision, the court concludes the sentence is inappropriate in light of the nature of the offense and character of the offender. Ind. Appellate Rule 7(B) (2005); *Marshall v. State,* 832 N.E.2d 615, 624 (Ind.Ct.App.2005), *trans. denied.*

▮ The "nature of the offense" portion of the standard speaks to the statutory presumptive sentence for the class of crimes to which the offense belongs. *See Williams v. State,* 782 N.E.2d 1039, 1051 (Ind.Ct.App.2003), *trans. denied.* That is, the presumptive sentence is intended to be the starting point for the court's consideration of the appropriate sentence for the particular crime committed. *Id.* The character of the offender portion of the stan-

---

1. In *Weeks, Archer,* and *Biehl,* the defendants had well-documented histories of mental illness and were found to be guilty but mentally ill. *See Weeks,* 697 N.E.2d at 31; *Archer,* 689 N.E.2d at 686; *Biehl,* 738 N.E.2d at 340.

dard refers to the general sentencing considerations and the relevant aggravating and mitigating circumstances. *Id.*

Here, Williams pled guilty to battery by means of a deadly weapon, a Class C felony, which carries a presumptive term of four years and a maximum term of eight years.[2] The only valid aggravating circumstance present was a single juvenile adjudication for criminal mischief. In light of the significant mitigating weight due to Williams's guilty plea and documented mental illness, we must conclude that a maximum eight-year sentence is inappropriate. Pursuant to our authority under Appellate Rule 7(B), we reverse and remand with instructions to reduce Williams's sentence for Class C felony battery to the presumptive term of four years. His concurrent one-year sentences were not appealed and remain in full force and effect.

Reversed and remanded.

BAKER, J., concurs.

RILEY, J., concurs in part and dissents in part with opinion.

RILEY, Judge, concurring in part and dissenting in part with opinion.

I concur in part and dissent in part. I concur with the majority opinion that finds Williams' sentence was properly enhanced because it did not violate his Sixth Amendment right to a jury to determine the aggravating facts as required under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

I dissent to the majority opinion that finds his sentence inappropriate under Ind. Appellate Rule 7(B). Williams alleges that the trial court failed to identify or find mitigating circumstances even though there was evidence in mitigation presented to the trial court. When this occurs, the defendant must establish that the mitigating circumstances are both significant and

clearly supported by the record. *Pennington v. State,* 821 N.E.2d 899, 905 (Ind. Ct.App.2005).

Even though Williams entered a guilty plea, he has made no demonstration on the record that the State received a substantial benefit and thus the trial court did not abuse its discretion when it failed to address Williams' guilty plea as a mitigating circumstance.

The connection between Williams' mental illness and this offense is not clearly supported by the record. The mere fact that he was diagnosed with mental retardation does not equate to being a mitigating circumstance.

I would affirm the trial court.

### OPINION ON REHEARING

April 11, 2006

We grant rehearing in this case solely to clarify our opinion in light of the arguments made by the State in support of its petition for rehearing. In all other respects, we reaffirm our original opinion.

In our opinion, we held that Williams's guilty plea and mental illness were each entitled to "some" mitigating weight. *Williams v. State,* 840 N.E.2d 433, 439 (Ind. Ct. App. 2006). We later stated: "In light of the significant mitigating weight due to Williams's guilty plea and documented mental illness, we must conclude that a maximum eight-year sentence is inappropriate." *Id.* at 440. In the interests of clarity and precision, we grant the State's Petition for Rehearing for the limited purpose of striking the words "significant" and "due to" and replacing them with the words "combined" and "of," respectively. Thus, the statement shall now read: "In light of the combined mitigating weight of Williams's guilty plea and documented mental illness, we must conclude that a maximum eight-year sentence is inappropriate."

---

**2.** Ind.Code § 35–50–2–6(a) (2004).

In all other respects, the State's Petition for Rehearing is denied.

BAKER, J., concurs.

RILEY, J., deny petition.