## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 16 2018, 9:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stacy R. Uliana
Bargersville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Andrew Kobe
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mickell Biggs,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 16, 2018

Court of Appeals Case No.
18A-CR-198

Appeal from the Knox Superior Court

The Honorable Gara U. Lee, Judge

Trial Court Cause No.
42D01-1204-FA-35

**Robb, Judge.**

# Case Summary and Issue

[1]  Following a guilty plea, Mickell Biggs was convicted of child molesting, a Class A felony, and sentenced to forty years executed at the Indiana Department of Correction. Biggs now appeals, raising for our review the sole issue of whether his sentence is inappropriate in light of his character and the nature of his offense. Concluding his sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2]  T.M.A. is the step-daughter of Biggs' wife's brother, John Treadway, and Biggs has known T.M.A. her entire life. Over the years, Biggs and his wife would allow Treadway and his children to stay with them after they were evicted from different homes.

[3]  During one such period when Treadway was staying with them between March 30 and April 9, 2012, Biggs twice engaged in sexual intercourse with then twelve-year-old T.M.A. T.M.A. told a forensic interviewer that Biggs had threatened to hurt her if she told anyone and that she would get in trouble.

[4]  Confronted by police, Biggs initially denied the crimes before admitting his involvement. On April 19, 2012, Biggs was charged with two counts of child molesting, both Class A felonies. Biggs spent over five years in jail before agreeing to an open plea agreement eight days before a scheduled jury trial. Pursuant to the plea agreement, Biggs pleaded guilty to one count of child

molesting, the State dismissed the remaining charge, and Biggs was subject to open sentencing by the trial court.

[5] At sentencing, the trial court found that Biggs had violated a position of trust with the victim and this aggravating factor outweighed the mitigating factors of Biggs' guilty plea or lack of criminal history, stating:

> I'm going to find as an aggravating factor the fact that the Defendant was in a position having care, custody, or control of the victim of the offense. Mr. Biggs himself in his statement to police indicated that [T.M.A.] was like a daughter to him. It was just him and her and his young son at home at the time of the offense. She was 12 years old.
>
> I'm going to find as a mitigating factor the fact that the Defendant does not have a history of delinquency or criminal activity. I am also going to consider, although slightly the mitigating factor, that he has pled guilty in this matter, thus saving the State and the Court resources in pursuing this matter further.
>
> After balancing those factors, the Court considers the balance between aggravating and mitigating factors to be in favor of aggravation because the Court finds that the aggravating factors do outweigh the mitigating factors. And I have to agree with [the State] in this regard. The effects of an offense that took place back in 2012 are going to continue on for the rest of this young girl's life, although I believe that at this point she's already an adult, but she's going to have to suffer those consequences for a long time to come.

Transcript, Volume 2 at 47-48. The trial court then imposed a forty-year sentence for the Class A felony, to be executed at the Indiana Department of Correction.

# Discussion and Decision

## I. Standard of Review

[6] Indiana Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this court that the sentence is inappropriate. *Sandleben v. State*, 29 N.E.3d 126, 136 (Ind. Ct. App. 2015), *trans. denied*. Whether a sentence is regarded as inappropriate turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Such review is "very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). And this "deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The analysis is "not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley*, 972 N.E.2d at 876

(quotation omitted). Additionally, "we may look to any factors appearing in the record" in conducting this review. *Boling v. State*, 982 N.E.2d 1055, 1060 (Ind. Ct. App. 2013).

## II. Nature of the Offense

We begin with the nature of Biggs' offense. As always, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (2007). The sentencing range for a Class A felony is between twenty and fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4(a). Biggs' forty-year executed sentence is ten years greater than the advisory sentence, but still ten years less than the maximum sentence.

Relying on *Hamilton v. State*, 955 N.E.2d 723 (Ind. 2011), Biggs argues the nature of his offense was neither aggravating nor mitigating. Specifically, Biggs contends "placing an instance of sexual misconduct along a spectrum of heinous to horrific in no way diminishes the seriousness of any particular offense or the suffering of any particular victim. Instead, it is a necessary part of maintaining the proportionality between sentences and offenses, and of treating like cases alike." Appellant's Brief at 9 (quoting *Hamilton*, 955 N.E.2d at 728).

In *Hamilton*, the defendant forced his nine-year-old step-granddaughter to perform oral sex on him, which caused her to throw up, and threatened to hurt her grandmother if she told anyone. A jury found the defendant guilty of child

molesting, a Class A felony, and the trial court imposed the maximum fifty-year sentence.

[10] On appeal, the defendant argued his sentence was inappropriate under Rule 7(B) and a panel of this court affirmed. Our supreme court granted transfer and revised the defendant's sentence from fifty years to thirty-five years. The court concluded:

> Here, Hamilton engaged in a single act of sexual misconduct as opposed to a long-term pattern of abuse and violence. Hamilton's criminal history contained only two convictions, both far removed in time from his current offense and unrelated to sexual misconduct in general. Hamilton's remaining arrests showed no known dispositions one way or the other, thereby diminishing their weight for sentencing purposes. Although he violated a position of trust, it was not quite one that rose to the level of a stepfather who had close, daily contact with a stepdaughter, and Hamilton's victim, although still young, was not of tender years. Hamilton's threat to harm the victim's grandmother did not involve a specific threat but certainly warrants some weight.

> We conclude that Hamilton has made out an adequate case for revision. We emphasize that placing an instance of sexual misconduct along a spectrum of heinous to horrific in no way diminishes the seriousness of any particular offense or the suffering of any particular victim. Instead, it is a necessary part of maintaining the proportionality between sentences and offenses, and of treating like cases alike.

*Hamilton*, 955 N.E.2d at 728.

[11]     In light of *Hamilton*, Biggs contends his sentence must also be inappropriate because his victim was three years older and he shares a similarly distant relationship.  Acknowledging the accuracy of Biggs' assertions, we nevertheless find *Hamilton* distinguishable.

[12]     Our supreme court has repeatedly emphasized that maximum sentences are reserved for offenses and offenders that constitute the worst of the worst.  *See, e.g., Buchanan v. State*, 767 N.E.2d 967, 973 (Ind. 2002).  While Hamilton received the maximum fifty-year sentence, Biggs' forty-year sentence was ten years less than maximum and in closer relation to the nature of Biggs' offense.

[13]     Secondly, as opposed to the single act of sexual misconduct in *Hamilton*, there are two such instances here.  Biggs' conduct, therefore, exceeds the elements necessary under the charged offense and this second instance significantly reduces the likelihood Biggs' conduct was an anomaly which he immediately regretted.

[14]     Third and finally, we find the nature of Biggs' direct threat to the victim distinguishable from Hamilton's threat to harm the victim's grandmother, an absent third person.  "[T]he nature of a threat to coerce a victim or obtain her silence varies based on the *target* of the threat and the *severity* of the threatened harm."  *Hamilton*, 955 N.E.2d at 728 (emphasis added); *Laster v. State*, 918 N.E.2d 428, 436 (Ind. Ct. App. 2009) (reversing consecutive sentences where, in part, defendant threatened to harm absent third person).  A harsher sentence becomes appropriate as the severity of the threat increases, "especially when the

defendant directly threatens the victim or a witness." *Hamilton*, 955 N.E.2d at 728.

[15] Considering Biggs' less than maximum sentence, a second instance of sexual misconduct, and his direct threat to the victim, we are unpersuaded the nature of his offense renders his sentence inappropriate.

## III. Character of the Offender

[16] Biggs also argues his character merits a downward revision of his sentence. The "character of the offender" portion of the sentence review involves consideration of the aggravating and mitigating circumstances and other general considerations. *Williams v. State*, 840 N.E.2d 433, 439-40 (Ind. Ct. App. 2006).

[17] The trial court found the aggravating factors, Biggs' position of care and the presence of his young son at the time of the offenses, outweighed the mitigating factors of Biggs' lack of criminal history and guilty plea before imposing a forty-year executed sentence.

[18] The record reveals that Biggs is youngest of nine children from an impoverished family. Despite placement in special education classes, Biggs was still required to repeat each grade before quitting school at the age of sixteen—only reaching the fifth grade. Biggs remains illiterate but was able to obtain a driver's license and maintain steady employment his entire adult life. Forty-two at the time of his arrest, Biggs has no criminal history and has maintained good behavior while in jail on this matter.

Biggs' lack of criminal history is a substantial mitigating factor, especially in light of his older age. *Cloum v. State*, 779 N.E.2d 84, 91 (Ind. Ct. App. 2002) ("[A] thirty-eight-year-old without so much as a single arrest on his record should be entitled to even greater mitigation [than a sixteen-year-old without an arrest] because he has avoided accumulating a criminal record for an additional twenty-two years."). However, evidence of a "difficult childhood" warrants little, if any, mitigating weight. *Coleman v. State*, 741 N.E.2d 697, 700 (Ind. 2000), *cert. denied*, 534 U.S. 1057 (2001). And Biggs received a substantial benefit from his guilty plea because the State dismissed an additional count of Class A felony child molesting. *See Anglemyer*, 875 N.E.2d at 221.

Given Biggs' particularly unfortunate circumstances, we view his lack of a criminal record and steady employment to be significant, if not remarkable. And although we commend Biggs on overcoming such adversity, Biggs' success only adds to our confusion regarding his decision to commit such heinous acts at the age of forty-two. Having considered the aggravating and mitigating circumstances and general considerations of Biggs' character, we cannot conclude his sentence is inappropriate.

# Conclusion

For the reasons set for above, Biggs' sentence is not inappropriate in light of the nature of his offense and his character. Therefore, we affirm.

Affirmed.

Baker, J., and May, J., concur.