**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**RICHARD K. MUNTZ**
LaGrange, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana



FILED

Oct 19 2012, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DELARECO PACELY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 44A03-1110-CR-488 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAGRANGE SUPERIOR COURT
The Honorable George E. Brown, Judge
Cause Nos. 44D01-0908-FC-10, 44D01-0908-FC-12, & 44D01-0908-FC-13

**October 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

STATEMENT OF THE CASE

Delareco Pacely appeals his eighteen-year sentence for three counts of Class C felony child molesting. Ind. Code § 35-42-4-3(b) (2007). We affirm.

ISSUES

Pacely raises two issues, which we restate as:

I.      Whether the trial court abused its discretion in sentencing him.

II.     Whether his sentence is inappropriate.

FACTS AND PROCEDURAL HISTORY

In the summer of 2009, the LaGrange County Sheriff's Department and the Indiana State Police investigated allegations that Pacely was inappropriately touching young girls at the Pioneer Trailer Park in Howe, Indiana.

The investigation revealed that in July 2009, twelve-year-old K.C. was helping a family move into a trailer. Pacely pinched her breast when she was in the living room then later grabbed her bottom, thighs, and right breast. When K.C. went out to the front porch, Pacely followed her outside and touched her breast again. Two neighbors saw Pacely touching K.C. on the front porch.

Pacely violated at least two other young girls in 2009. Eleven-year-old C.K. stayed with Pacely in his trailer on several occasions. While she was there, Pacely touched or fondled her vagina over her clothing, fondled or squeezed her bottom inside of her pants, and fondled, squeezed, or twisted her breasts.

Eight-year-old S.D. often stayed at Pacely's place and took baths there. Pacely would take her out of the bath and rub lotion on the outside and inside of her vagina. He

2

did this on six different occasions. When police investigated the incident, Pacely claimed that he applied cocoa butter on S.D. "so her skin wouldn't dry out." Appellant's Amended App. p. 56. Among other explicit video images on his cell phone, the police found two of him rubbing lotion on S.D. Pacely claimed he took the video to prove that he did not do anything wrong.

The State charged Pacely with five counts of child molesting in five different cause numbers. They included the three Class C felony molestations detailed above, in cause numbers 44D01-0908-FC-10 ("FC-10") (K.C.), 44D01-0908-FC-12 ("FC-12") (C.K.), and 44D01-0908-FC-13 ("FC-13") (S.D.), as well as a Class A felony in cause number 44D01-0908-FA-9 ("FA-9") and another Class C felony in cause number 44D01-0908-FC-11 ("FC-11"). Each count involved a different victim.

Two years after he was charged, Pacely pleaded guilty pursuant to a plea agreement to the Class C felonies in FC-10, FC-12, and FC-13. In exchange, the State dismissed FA-9 and FC-11.

At the sentencing hearing, the trial court found no mitigators and one aggravator, which it explained as:

> One thing that concerns me a great deal, and I realize that the elements of the crime – and I was reading them here while we were talking, a person who, with a child under fourteen (14) years of age performs or submits to any fondling or touching, the fourteen (14) years of age, all these kids were like twelve (12) according to the allegations here and while that's certainly part of the element[s] and it's certainly under fourteen (14), I think twelve (12) is getting pretty young. Okay? In other words, more under the – I know, you want to make an argument on that, [defendant's counsel], but more – twelve (12) year old kid, that's two years under the limit. Okay? I consider that to be somewhat aggravating here.

Sent. Tr. pp. 11-12. The court thus imposed a six-year sentence on each count and ordered them to be served consecutively on grounds that there were multiple victims and separate incidents. Pacely now appeals his sentence.

DISCUSSION AND DECISION

I. ABUSE OF DISCRETION

Pacely contends that the trial court abused its discretion in sentencing him. Subject to the review and revision power discussed below, sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* A trial court abuses its discretion when it: (1) fails to enter a sentencing statement; (2) enters a sentencing statement that includes reasons that are unsupported by the record; (3) enters a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; or (4) enters a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

First, Pacely argues that the trial court improperly used his victims' ages as an aggravator. When a victim's age is a material element of the crime, it may not be used as an aggravator to support an enhanced sentence. *McCarthy v. State*, 749 N.E.2d 528, 539 (Ind. 2001). However, a trial court may properly consider the particularized circumstances of the factual elements as aggravating factors. *Id.*

4

The trial court, while acknowledging that age was an element of the offense, specifically noted that twelve years of age "is getting pretty young" and is "two years under the limit." Sent. Tr. pp. 11, 12. The trial court's statement reflects that the nature of the crime becomes more egregious the younger the victim. Pacely's victims were twelve, eleven, and eight years old. The trial court's statement is sufficient to show why it considered age to be a particularized circumstance. We cannot say that it abused its discretion by concluding that this aggravator merited slightly but not fully enhanced sentences. *See Hamilton v. State*, 955 N.E.2d 723, 727 (Ind. 2011) ("Like a defendant's criminal history, the victim's age also suggests a sliding scale in sentencing, as younger ages of victims tend to support harsher sentences. . . . The younger the victim, the more culpable the defendant's conduct.").

Next, Pacely argues that the trial court should have found his lack of a criminal record and his guilty plea as mitigators. He further argues that had the court weighed these mitigators against its consideration of multiple victims and separate incidents, it would have imposed concurrent sentences.

Pacely was fifty-one years old at the time of sentencing and had no prior convictions. He has had three prior arrests for larceny, carrying concealed weapons, and two counts of battery, but two of these cases were dismissed and the disposition of the third is unknown. Nonetheless, a trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance, *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000), and may properly conclude that a defendant's lack of a criminal record is not entitled to mitigating weight, *Sipple v. State*, 788 N.E.2d 473, 483 (Ind. Ct. App. 2003),

5

*trans. denied*. The trial court therefore did not abuse its discretion by failing to find Pacely's lack of prior convictions as a mitigator.

As for the claimed mitigator of pleading guilty, a defendant who pleads guilty deserves some mitigating weight to be afforded to the plea. *Anglemyer*, 875 N.E.2d at 220 (citing *McElroy v. State*, 865 N.E.2d 584, 591 (Ind. 2007)). However, a trial court does not necessarily abuse its discretion by failing to recognize a guilty plea as a significant mitigating circumstance. *See id.* at 220-21. A guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against the defendant is such that the decision to plead guilty is more likely the result of pragmatism than acceptance of responsibility and remorse. *Id.* at 221.

Pacely did not express any remorse or concern for the victims. Further, he did not plead guilty until two years after he was charged and received a substantial benefit from that plea as the State agreed to dismiss two other cause numbers, one of which included a Class A felony. We conclude that the trial court did not abuse its discretion by failing to consider his guilty plea as a mitigator.

Because the trial court did not abuse its discretion by failing to find Pacely's lack of prior convictions or his guilty plea as mitigators, any argument that they would have resulted in lower or concurrent sentences is moot. It was well within the trial court's discretion to order Pacely's sentences to be served consecutively. *See Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008) ("Whether the counts involve one or multiple victims is highly relevant to the decision to impose consecutive sentences . . . ."); *see also Serino*

6

*v. State*, 798 N.E.2d 852, 857 (Ind. 2003) ("[W]hen the perpetrator commits the same offense against two victims, enhanced and consecutive sentences seem necessary to vindicate the fact that there were separate harms and separate acts against more than one person.").

## II. INAPPROPRIATE SENTENCE

Pacely also contends that his eighteen-year sentence is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer*, 868 N.E.2d at 491). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

We first look to the statutory range established for the class of the offenses. Pacely pleaded guilty to three Class C felonies. The statutory range for a Class C felony is between two and eight years, with the advisory sentence being four years. Ind. Code § 35-50-2-6(a) (2005). The trial court sentenced Pacely to consecutive six-year sentences.

We next look to the nature of the offenses and Pacely's character. As to the nature of the offenses, Pacely systematically targeted young girls at the Pioneer Trailer Park. He grabbed twelve-year-old K.C.'s bottom, thighs, and breasts, continued to pursue her after

7

she tried to get away from him, then fondled her again. He fondled eleven-year-old C.K.'s vagina over her clothing and squeezed her bottom and breasts. On several occasions when eight-year-old S.D. stayed at his trailer, he would take her out of the bath and rub lotion on the outside and inside of her vagina. He took videos on his cell phone of his abuse of S.D.

As to his character, the presentence investigation report shows that Pacely spent a good portion of his childhood in various foster homes, and we again acknowledge that he has no prior convictions. However, the depravity of his crimes speaks volumes of his character. Notably, he claimed the videos of what he did to S.D. would prove his innocence.

Pacely has failed to persuade us that his eighteen-year sentence is inappropriate.

<u>CONCLUSION</u>

For the reasons stated, we affirm Pacely's eighteen-year sentence.

Affirmed.

MATHIAS, J., and BROWN, J., concur.