ATTORNEYS FOR APPELLANT
Mark E. Small
Ruth A. Johnson
Marion County Public Defender, Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ann L. Goodwin
Deputy Attorney General
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 49S02-1110-CR-621

OTHA S. HAMILTON,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49G04-1004-FA-029545
The Honorable Lisa F. Borges, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-1009-CR-01021

**October 19, 2011**

**Shepard, Chief Justice.**

A jury found appellant Otha S. Hamilton guilty on one count of molesting a child, as a class A felony. The trial court imposed a sentence of fifty years in prison. We affirm Hamilton's conviction and revise his sentence.

**Facts and Procedural History**

Forty-four-year-old Otha S. Hamilton resided in Indianapolis with his wife, who had twelve grandchildren, none of them by a child of Hamilton. Several of the grandchildren would regularly visit at any given time, usually on the weekends.

Sometime between October and December 2009, one grandchild, nine-year-old T.M., stayed overnight at her grandmother's house so her grandmother could take her to a dentist appointment the next morning. No other grandchildren were present. After arriving, T.M. watched television and had dinner that evening. She later went downstairs to the basement to play pool with Hamilton, her step-grandfather.

After T.M.'s grandmother had gone to bed, Hamilton and T.M. continued playing pool. Hamilton then told T.M. to smoke a cigarette and to drink some of his beer. He then told T.M. to go with him upstairs and outside to the unattached garage because he had something he wanted to give her.

In the garage, Hamilton told T.M. to perform oral sex on him. At first, T.M. refused, but Hamilton told T.M. that he would hurt her grandmother if she did not. (Tr. at 36.) Hamilton pushed T.M. to her knees and then pushed her head down. (Tr. at 31–32.) Hamilton's penis was in T.M.'s mouth for about ten minutes before he ejaculated, causing T.M. to vomit on the table and the floor. (Tr. at 37–38.) T.M. went back inside the house and did not tell anyone right away about the incident.

The incident first came to light about five or six months later. The State charged Hamilton with one count of molesting a child, as a class A felony. Ind. Code § 35-42-4-3(a) (2008).

At the sentencing hearing, the State asked the trial court to impose the maximum sentence of fifty years in prison. The State cited T.M.'s emotional response to Hamilton's threat

to T.M.'s grandmother, Hamilton's history of criminal behavior, T.M.'s being less than twelve years old, Hamilton's position of care with respect to T.M., and Hamilton's threats to T.M.'s grandmother. In the State's view, all these factors constituted aggravating circumstances under Indiana Code § 35-38-1-7.1(a) (2008).

The pre-sentence report revealed that Hamilton had two previous criminal convictions, a misdemeanor DUI in California in 2002 and a felony robbery in Illinois in 1982. (Tr. at 330; P.S.R.) Aside from those two convictions, Hamilton's criminal record included arrests with unknown dispositions for rape and battery (Indiana, 2006), DUIs (California, 2002; Illinois, 2000), domestic battery (Illinois, 2000; Wisconsin, 1997), and first-degree sexual assault (Wisconsin, 1990). (Tr. at 330; P.S.R.)

Hamilton's lawyer asked the trial court to impose a sentence of twenty years in prison, the minimum for a class A felony. He argued that the court should give less weight to his criminal history because he was only eighteen at the time of his robbery conviction, and because his only conviction since then was for a misdemeanor. Counsel further argued that any other arrests with unknown dispositions should not receive the same weight as a criminal conviction. Finally, he argued that the court should consider as mitigating circumstances the facts that he had a long work history with few convictions and that he suffered from blood clots and gout, which would constitute a hardship in prison.

The trial court imposed the maximum sentence of fifty years executed time. As a credit-restricted felon assigned to Class IV, Hamilton would therefore have to serve roughly forty-three years in prison instead of the customary twenty-five. Ind. Code §§ 35-41-1-5.5(1), 35-50-6-3, -4 (2008).

Hamilton appealed, arguing that the evidence was insufficient to support a conviction, and that a sentence of fifty years was inappropriate given the nature of his offense and his character. The Court of Appeals affirmed the conviction and found that the sentence was

3

appropriate, but Judge Brown dissented as to the sentence. Hamilton v. State, 949 N.E.2d 885 (Ind. Ct. App. 2011) (table).

We grant transfer. The Court of Appeals correctly rejected Hamilton's sufficiency claim, and we summarily affirm their disposition of that issue. Ind. Appellate Rule 58(A). We therefore turn to his sentencing claim.

## Appropriateness of the Sentence

A person who commits a class A felony faces a prison sentence of between twenty and fifty years and a fine not exceeding $10,000. Ind. Code § 35-50-2-4 (2008). A trial court may sentence a defendant to any prison term within the statutory range, but the trial court must clearly set out its reasons for its sentence to enable meaningful appellate review. Anglemyer v. State, 868 N.E.2d 482 (Ind. 2007). When deciding on a sentence, a trial court may consider, among other things, whether

> (1) The harm, injury, loss, or damage suffered by the victim of an offense was:
>
> > (A) significant; and
> >
> > (B) greater than the elements necessary to prove the commission of the offense.
>
> (2) The person has a history of criminal or delinquent behavior.
>
> (3) The victim of the offense was less than twelve (12) years of age or at least sixty-five (65) years of age at the time the person committed the offense.
>
> * * *
>
> (8) The person was in a position having care, custody, or control of the victim of the offense.
>
> * * *

4

(10) The person threatened to harm the victim of the offense or a witness if the victim or witness told anyone about the offense.

Ind. Code § 35-38-1-7.1(a).

We first review a trial court's findings under an abuse of discretion standard. But even when a trial court has not abused its discretion under the sentencing statutes, Article 7, Section 4 of the Indiana Constitution grants this Court the separate power to review and revise a trial court's sentence in all criminal cases. Under Indiana Appellate Rule 7(B), which implements this authority, we will do so if due consideration of the trial court's decision convinces us that the sentence was inappropriate in light of the nature of the offense and the character of the offender. In doing so, our main purposes are to "leaven the outliers[] and identify some guiding principles for trial courts . . . but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008).

When considering the nature of an offense that constitutes a class A felony, we note that the Legislature has established thirty years as the advisory sentence. Ind. Code § 35-50-2-4. Because the sentencing statute no longer requires a trial court to impose a presumptive sentence except when deviating from it on the basis of aggravating or mitigating circumstances, the correlation between those factors and a given sentence will not be as close as under the presumptive sentencing scheme. Pedraza v. State, 887 N.E.2d 77 (Ind. 2008). Instead, we view the advisory sentence as a helpful guidepost for ensuring fairness, proportionality, and transparency in sentencing. See Ind. Code § 35-50-2-1.3(a) (2008) (defining advisory sentence as "a guideline sentence that the court may voluntarily consider as the midpoint between the maximum sentence and the minimum sentence").

Hamilton argues under Indiana Appellate Rule 7(B) that his sentence was excessive given the nature of his offense because the offense was not as severe as it could have been. (Appellant's Br. at 13.) He points out that T.M. gave no indication that something was wrong until several months after the incident occurred, and that no one else suffered any harm during

the incident or its aftermath. (Appellant's Br. at 13.) He does not call our attention to any aspects of his character that argue for a reduction in his sentence.

We have said that a trial court should reserve maximum sentences for classes of offenses that constitute the worst of the worst. Buchanan v. State, 767 N.E.2d 967 (Ind. 2002). In Buchanan, a trial court imposed the maximum fifty-year sentence on a defendant who performed oral sex on and videotaped a five-year-old child he was babysitting. Id. at 969. We reduced the sentence to forty years because the defendant committed a single act of sexual misconduct without excessive brutality, without a weapon, and without causing physical injury. Id. at 973. In contrast, the cases constituting the worst of the worst are such that we trust our trial courts will know them when they see them. E.g., Haddock v. State, 800 N.E.2d 242 (Ind. Ct. App. 2003) (affirming maximum sentences on multiple counts of excessively brutal, ongoing sexual abuse under threats of violence).

Although a defendant's criminal history is certainly relevant in sentencing, the chronological remoteness of convictions should factor into determining the appropriateness of a harsher sentence. See Corbett v. State, 764 N.E.2d 622 (Ind. 2002) (considering remoteness in the context of statutory aggravators). In the same vein, criminal history not involving sexual misconduct does not, by itself, support a maximum sentence for a sexual misconduct conviction. Simmons v. State, 746 N.E.2d 81 (Ind. Ct. App. 2001) (reducing maximum sentence to forty years), trans. denied. The same is true of arrests, which do not, by themselves, establish the historical fact that a defendant committed a criminal offense. Cotto v. State, 829 N.E.2d 520 (Ind. 2005).

Like a defendant's criminal history, the victim's age also suggests a sliding scale in sentencing, as younger ages of victims tend to support harsher sentences. See Buchanan, 767 N.E.2d at 971. In Buchanan, a trial court imposed the maximum sentence when the victim was only five years old at the time of the incident. Id. at 970. Although we later revised the sentence, we declined to find an abuse of discretion under the sentencing statute in the trial court's relying on the victim's "particularly tender years" instead of the simple fact that the

victim was less than twelve years old, as the statutory aggravator required. Id. at 971. The younger the victim, the more culpable the defendant's conduct.

A harsher sentence is also more appropriate when the defendant has violated a position of trust that arises from a particularly close relationship between the defendant and the victim, such as a parent-child or stepparent-child relationship. See, e.g., Hillenburg v. State, 777 N.E.2d 99 (Ind. Ct. App. 2002) (forty-five years per count, served consecutively, when defendant engaged in multiple instances of vaginal, anal, and oral sex with his own daughter, who suffered from mental disability), trans. denied; see also McCoy v. State, 856 N.E.2d 1259 (Ind. Ct. App. 2006) (forty-five years when defendant impregnated thirteen-year-old girl, his stepdaughter for ten years, who later miscarried).

In contrast, more distant relationships tend not to support the same harshness in sentencing. See, e.g., Padgett v. State, 875 N.E.2d 310 (Ind. Ct. App. 2007) (advisory thirty years and ten years for class A and B convictions, respectively, when family friend engaged in weekly oral sex for nearly three years with teenager entrusted to his care), trans. denied; see also Kien v. State, 782 N.E.2d 398 (Ind. Ct. App. 2003) (forty years per count when live-in boyfriend engaged in vaginal and oral sex with five-year-old child), trans. denied.

Finally, the nature of a threat to coerce a victim or obtain her silence varies based on the target of the threat and the severity of the threatened harm. Compare Everling v. State, 929 N.E.2d 1281 (Ind. 2010) (threatening to kill victim), with Laster v. State, 918 N.E.2d 428 (Ind. Ct. App. 2009) (threatening to call police and have victim's mother arrested and victim removed from mother's care), and Nunley v. State, 916 N.E.2d 712 (Ind. Ct. App. 2009) (threatening to hurt victim's parents or call police), trans. denied. A harsher sentence becomes more appropriate as the threatened harm increases in severity, especially when the defendant directly threatens the victim or a witness. See, e.g., Haddock, 800 N.E.2d at 244–45 (maximum sentences when defendant threatened to kill victim and brother if either told anyone and held loaded handgun to victim's head to coerce compliance); cf. Laster, 918 N.E.2d at 486 (revising consecutive thirty-

year sentences on two class A counts to concurrent thirty-six-year sentences when defendant threatened to harm absent third person).

Here, Hamilton engaged in a single act of sexual misconduct as opposed to a long-term pattern of abuse and violence. Hamilton's criminal history contained only two convictions, both far removed in time from his current offense and unrelated to sexual misconduct in general. Hamilton's remaining arrests showed no known dispositions one way or the other, thereby diminishing their weight for sentencing purposes. Although he violated a position of trust, it was not quite one that rose to the level of a stepfather who had close, daily contact with a stepdaughter, and Hamilton's victim, although still young, was not of tender years. Hamilton's threat to harm the victim's grandmother did not involve a specific threat but certainly warrants some weight.

We conclude that Hamilton has made out an adequate case for revision. We emphasize that placing an instance of sexual misconduct along a spectrum of heinous to horrific in no way diminishes the seriousness of any particular offense or the suffering of any particular victim. Instead, it is a necessary part of maintaining the proportionality between sentences and offenses, and of treating like cases alike.

## Conclusion

We affirm Hamilton's conviction but remand with instructions to enter an amended sentence of thirty-five years in prison.

Sullivan, Rucker, and David, JJ., concur.
Dickson, J., dissents with separate opinion.

8

**Dickson, J., dissenting.**

I respectfully dissent, believing that this is not an exceptional or rare case justifying appellate intrusion into the trial court's sentencing determination to which we must accord "due consideration" under Indiana Appellate Rule 7(B). Serino v. State, 798 N.E.2d 852, 856 (Ind. 2003). My cautious resistance to appellate sentence revision has been explained in several dissenting opinions. *See, e.g*., Sanchez v. State, 938 N.E.2d 720, 723 (Ind. 2010); Cardwell v. State, 895 N.E.2d 1219, 1227 (Ind. 2008); Smith v. State, 889 N.E.2d 261, 265 (Ind. 2008); Hollin v. State, 877 N.E.2d 462, 466 (Ind. 2007); Frye v. State, 837 N.E.2d 1012, 1015 (Ind. 2005).