**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 01 2014, 9:20 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PHYLLIS J. EMERICK**
Monroe Co. Public Defender
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TOMMY GRUBB | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 53A01-1404-CR-184 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT 5
The Honorable Mary Ellen Diekhoff, Judge
Cause No. 53C05-1111-FA-1088

**December 1, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Tommy Grubb pleaded guilty to one count of dissemination of matter harmful to minors, a class D felony. He also admitted that he was a habitual offender. The trial court sentenced Grubb to 3 years imprisonment for the felony conviction, which was enhanced by 4 years and 180 days as a result of the habitual offender count. On appeal, Grubb contends that his sentence is inappropriate in light of the nature of his offense and his character. We agree in part and remand with instructions to revise a portion of the sentence.

The facts as admitted by Grubb are that his brother is the guardian of J.G., who was nine years old when these events occurred. One day in 2011, Grubb was the only adult present at his brother's house. Several children were also present in the home at the time, including J.G., eight-year-old J.H., and five-year-old S.G., who was Grubb's daughter. On that day, Grubb watched pornography on his brother's computer, along with J.G. Grubb removed the pornography from the screen before his brother arrived home.

As a result of this incident and other allegations involving S.G., the State charged Grubb with four counts of child molesting as class A felonies[1] and three counts of

---

[1] Nothing in the appellate materials illuminates how it came to pass that the State was willing to drop those serious charges in exchange for his plea of guilty to one charge of dissemination of matter harmful to minors. Perhaps some insight may be gleaned from the testimony of S.G.'s mother (Mother) at the sentencing hearing. Mother testified that, until the day Grubb was jailed on the present offense, S.G. "loved her daddy dearly" and "[s]he was really a daddy's girl". *Transcript* at 14. It might reasonably be inferred that the allegations supporting the child molesting charges stemmed from information provided by someone named Tracy Jones. Mother acknowledged at the sentencing hearing that "Tracy Jones admitted that she lied about [Grubb] doing anything to [S.G.] and [Grubb] says he didn't do anything to [S.G.]." *Id.* We also note the following exchange during Mother's cross-examination:

dissemination of matter harmful to minors as class D felonies. Grubb eventually entered into a plea agreement whereby he agreed to plead guilty to one count of dissemination of matter harmful to minors based upon showing pornography to J.G., and he admitted being a habitual offender. After accepting the guilty plea, the trial court proceeded to sentencing, after which it sentenced Grubb as set out above.

Grubb contends his sentence is inappropriate in light of his character and the nature of his offense. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. *See Knapp v. State*, 9 N.E.3d 1274 (Ind. 2014), *cert. filed*. Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008). Per Indiana Appellate Rule 7(B), we may revise a sentence "if after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature

---

Q.    The part about [Grubb] changing [S.G.'s] life, you admit that you're the one that every time [S.G.] came home, even before this accusation came out, every time [S.G.] came home you would ask her if someone had touched her?

A.    Yes. Not just with him but with her other friends as well.

Q.    So your little girl, every time she came home from anybody you basically put in her mind that someone might be molesting her?

A.    No. I would just ask her if anyone would touched her inappropriately.

Q.    Every time?

A.    Yes. But she would say no all the time.

*Id.* at 15-16.

3

of the offense and the character of the offender." *Inman v. State*, 4 N.E.3d 190, 203 (Ind. 2014) (quoting App. R. 7). "Sentencing review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). Grubb bears the burden on appeal of persuading us that his sentence is inappropriate. *Conley v. State*, 972 N.E.2d 864.

The determination of whether we regard a sentence as appropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell v. State,* 895 N.E.2d at 1224). Moreover, "[t]he principal role of such review is to attempt to leaven the outliers." *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). It is not our goal in this endeavor to achieve the perceived "correct" sentence in each case. *Knapp v. State*, 9 N.E.3d 1274. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original). Our Supreme Court has indicated that, when analyzing the appropriateness of a criminal sentence, there is "no right answer ... in any given case." *Brown v. State*, 10 N.E.3d 1, 8 (Ind. 2014) (quoting *Cardwell v. State,* 895 N.E.2d at 1224). Instead, appellate review and, where appropriate, revision "ultimately boils down to the appellate court's 'collective sense of what is appropriate, not a product of a deductive reasoning process.'" *Id.* (quoting *Cardwell v. State*, 895 N.E.2d at 1225). Ultimately, we "focus on the forest—the aggregate

4

sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.*

In order to assess the appropriateness of a sentence, we first look to the statutory ranges established for the classification of the relevant offenses. Grubb was convicted of a class D felony.[2] The advisory sentence for a class D felony is one and one-half years; the maximum sentence is three years. *See* Ind. Code App. § 35-50-2-7(a) (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly). Grubb received the maximum. Grubb's sentence was enhanced as a result of the habitual-offender determination. The range for such an enhancement in his case was between one and one-half years and four and one-half years. *See* § 35-50-2-8 (West Westlaw 2013). The court imposed the maximum enhancement as a result of the habitual offender determination.

We begin with a consideration of the nature of Grubb's offense. In doing so, we are mindful that "[i]n considering the nature of the offense we recognize the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed."

---

[2] The version of the governing statute, i.e., Ind. Code Ann. § 35-49-3-3 (West, Westlaw 2013) in effect at the time this offense was committed classified the offense as a class D felony. This statute has since been revised and in its current form reclassifies this offense as a Level 6 felony. *See* I.C. § 35-49-3-3(a)(1) (West, Westlaw current with all 2014 Public Laws of the Second Regular Session and Second Regular Technical Session of the 118th General Assembly). The new classification, however, applies only to offenses committed on or after July 1, 2014. *See id.* Because this offense was committed sometime in 2011, it retains the former classification.

5

*Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). When he committed the offense to which he pleaded guilty, Grubb was the only adult present and he was supervising several children, including his daughter. He laughed about the events depicted in a video clip, which he described as "a dildo on a sewing machine going back and forth on a dummy, like a dummy women [sic][.]" *Transcript* at 9. Although Grubb claimed there was only one child in the room with him when he viewed the pornographic material, that victim indicated that the other two children then present in the home were also present in the room at the time and they too viewed the pornography. All of the children were considerably younger than the statutorily defined age limit, which is less than eighteen years old. *See* I.C. § 35-49-3-3. Also, it appears that this incident was isolated in that it was not a part of a series of similar incidents.

Concerning Grubb's character, he arguably occupied a position of trust with respect to the child involved (J.G.), and certainly did so with respect to the other two children in the house at the time. The State presented evidence that Grubb has a criminal history that includes three prior felony convictions, including two for theft, one of which occurred in 1994 and the other in 1998. Both theft convictions were based upon acts that occurred in 1993. In addition, Grubb was convicted in 2005 of impersonation of a public servant. It also appears that Grubb had five misdemeanor convictions.[3] These include battery (2004),

---

[3] We say "appears" because no presentence investigation report was prepared in this case. The charging information relative to the habitual offender charge listed only the three felony convictions, but the

two convictions for check deception (1993 and 1994), invasion of privacy (2007), and he was on probation at the time of the present offense for a misdemeanor battery conviction.

In summary, Grubb engaged in a single act of misconduct, as opposed to a pattern of such conduct over time. His criminal history includes three felonies, but two of those were far removed in time from the present offense. Moreover, none of the convictions, whether felony or misdemeanor, are related to sexual misconduct, whether with a minor or otherwise. Therefore, they do not reflect a known disposition to engage in this sort of conduct. *See Hamilton v. State*, 955 N.E.2d 723 (Ind. 2011). As our Supreme Court has observed in a similar context, "we emphasize that placing an instance of sexual misconduct along a spectrum of heinous to horrific in no way diminishes the seriousness of any particular offense or the suffering of any particular victim", but instead "is a necessary part of maintaining the proportionality between sentences and offenses, and of treating like cases alike." *Id.* at 728. We therefore conclude that Grubb has made out an adequate case for revision of his sentence for dissemination of matter harmful to minors, and that the advisory sentence of one and one-half years is appropriate.

With respect to the habitual offender enhancement, the record reflects that Grubb has multiple felony and misdemeanor offenses, and that he was on probation at the time the present offense was committed. We conclude that imposition of the maximum

---

prosecutor set out the misdemeanor convictions during the sentencing hearing. Grubb does not challenge the accuracy of those representations on appeal.

enhancement of four and one-half years based upon his habitual offender status under these circumstances is not inappropriate.

In summary, we affirm the four and one-half-year habitual offender enhancement, but remand with instructions to reduce Grubb's sentence on the underlying conviction to one and one-half years.

Judgment affirmed in part, reversed in part, and remanded with instructions.

CRONE, J., concurs.

KIRSCH, J., dissents without opinion.