## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 13 2016, 8:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark I. Cox
The Mark I. Cox Law Office, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James M. Lierl,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 13, 2016

Court of Appeals Case No.
24A01-1509-CR-1406

Appeal from the Franklin Circuit Court

The Honorable J. Steven Cox, Judge

Trial Court Cause No.
24C01-1411-F4-1343

**Baker, Judge.**

[1] James Lierl appeals his conviction for Child Molesting, a Level 4 Felony.[1] Lierl argues that the ten-year sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character. Finding that his sentence is not inappropriate, we affirm.

# Facts

[2] On the evening of August 9, 2014, Lierl went down to the basement of his Franklin County residence, where his ten-year-old granddaughter, S.B., who was visiting from Dallas, Texas, was sleeping. Lierl undressed S.B. and fondled her while her sister was sleeping in the same bed. After S.B. and her family returned to Dallas, she told her mother that Lierl had fondled her. Her mother contacted Dallas police, who interviewed S.B. and sent recordings of the interviews to the Indiana State Police.

[3] On November 18, 2014, Lierl was charged with Level 4 felony child molesting, and on June 26, 2015, he pleaded guilty. On August 19, 2015, the trial court sentenced Lierl to ten years, with two years suspended. Lierl now appeals.

# Discussion and Decision

[4] The sole argument that Lierl raises on appeal is that his sentence is inappropriate under Indiana Appellate Rule 7(B). Rule 7(B) states that this

---

[1] Ind. Code § 35-42-4-3(b).

Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[5] According to our Supreme Court, the principal role of appellate review under Rule 7(B) "should be to attempt to leaven the outliers . . . but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Furthermore, the decision of the trial court "should receive considerable deference." *Id.* at 1222. The advisory sentence for a Level 4 felony is six years, with a possible range of two to twelve years imprisonment. Indiana Code § 35-50-2-5.5. The trial court in this case chose to impose a sentence of ten years, with two years suspended.

[6] While the nature of Lierl's offense may not have been the worst of the worst, his sentence was not inappropriate under Rule 7(B). The victim was only ten years old when Lierl molested her, and Lierl violated the position of trust that he held as the victim's grandfather. *See Hamilton v. State*, 955 N.E.2d 723, 727 (Ind. 2011) (stating that a "harsher sentence is also more appropriate when the defendant has violated a position of trust that arises from a particularly close relationship between the defendant and the victim").

[7] Turning to Lierl's character, we find no reason to reduce his sentence. Lierl argues that his sentence is inappropriate due to his involvement in the community. Tr. p. 115-17. However, his son, Andrew, testified that he had previously known that Lierl was fascinated with young girls between the ages of

eight and twelve. Moreover, Andrew testified that he had also limited Lierl's exposure to Andrew's minor children after Lierl inappropriately tickled a friend of Andrew's daughter. Tr. p. 133-36. In light of the nature of Lierl's offense and his character, the sentence imposed by the trial court was not inappropriate under Rule 7(B).

[8] The judgment of the trial court is affirmed.

May, J., concurs, and Brown, J., dissents with separate opinion.

| | |
|---|---|
| James M. Lierl, | Court of Appeals Cause No. 24A01-1509-CR-1406 |
| *Appellant-Defendant*, | |
| v. | |
| State of Indiana, | |
| *Appellee-Plaintiff*. | |

**Brown, Judge, dissenting.**

[9] I respectfully dissent as to the majority's determination that Lierl's sentence, while not the maximum, is not inappropriate. The severity of Lierl's offense is accounted for in its level 4 felony classification, for which the legislature has determined the advisory sentence to be six years. While Lierl violated his position of trust to commit the offense and the victim suffers from emotional trauma, this was a single occurrence involving a single victim. Moreover, Lierl pleaded guilty to the offense, and it did not involve drugs, threats, alcohol, or the use of violence, and it did not result in any physical injuries. (Appellant's App. at 5, 41) The presentence investigation report ("PSI") shows that Lierl

has no criminal history and that he was actively involved in his community through a wide range of civic associations. (Appellant's Confidential App. at 66-67, 69) The PSI shows that the Indiana Risk Assessment System places him in the low risk to reoffend category. (Appellant's Confidential App. at 68)

[10] Based upon the foregoing, I would reverse and remand with instructions to impose a sentence of six years with two years suspended to supervised probation.