## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 07 2016, 8:36 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Erin L. Berger
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bruce W. Powell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 7, 2016

Court of Appeals Case No.
87A01-1512-CR-2160

Appeal from the Warrick Circuit Court

The Honorable Greg A. Granger, Judge

Trial Court Cause No.
87C01-1504-F5-133

**Robb, Judge.**

# Case Summary and Issue

[1] Bruce Powell pleaded guilty to child solicitation, a Level 5 felony, and dissemination of matter harmful to minors, a Level 6 felony. The trial court ordered Powell to serve an aggregate sentence of seven years in the Department of Correction. Powell appeals his sentence, raising two issues, one of which we find dispositive: whether his sentence is inappropriate in light of the nature of the offenses and his character.[1] Concluding Powell's sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] Powell is O.S.B.'s uncle. On April 7, 2015, twelve-year-old O.S.B. disclosed Powell had asked her to touch his penis and had attempted to view pornographic material with her on several occasions. O.S.B.'s father called the police, and the State charged Powell with two counts of child solicitation and two counts of dissemination of matter harmful to minors. Thereafter, the State moved to amend the charging information by adding five counts—three counts of solicitation and two counts of dissemination. The trial court permitted the amendment and dismissed the charges the State initially filed.

---

[1] Powell also raises the issue of whether he waived the right to appeal his sentence. Because we conclude his sentence is not inappropriate, we need not address the waiver issue.

Powell pleaded guilty to one count of child solicitation as a Level 5 felony and one count of dissemination of matter harmful to minors as a Level 6 felony. In exchange, the State dismissed the remaining charges. The agreement left sentencing to the trial court's discretion. During the sentencing hearing, the trial court did not find any factors to be mitigating and considered the following factors aggravating: (1) the significant harm suffered by the victim; (2) Powell's criminal history, consisting of prior convictions for public nudity and failure to stop after an accident; (3) that Powell was in a position of trust in relation to the victim; and (4) that the victim was less than twelve years old when Powell exposed her to pornographic material. Concluding the aggravators outweighed the absence of mitigators, the trial court sentenced Powell to five years for solicitation and two years for dissemination, to be served consecutively, for an aggregate sentence of seven years. This appeal followed.

# Discussion and Decision

## I. Standard of Review

Powell contends his sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading this court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether

we regard a sentence as inappropriate turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). We "focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count" in reviewing a defendant's sentence. *Id.* at 1225. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed in inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

## II. Inappropriate Sentence

As to the nature of the offense, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Powell pleaded guilty to child solicitation, a Level 5 felony, and dissemination of matter harmful to minors, a Level 6 felony. A Level 5 felony carries a possible sentence of one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b). A Level 6 felony carries a possible sentence of six months to two and one-half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7(b). The trial court

sentenced Powell to five years for solicitation and two years for dissemination, to be served consecutively, for an aggregate sentence of seven years.

[6] We conclude the nature of the offenses supports the sentence the trial court imposed. We first note O.S.B. was only twelve years old when Powell asked her to touch his penis. She was only eleven years old when he attempted to view pornographic material with her. *See Hamilton v. State*, 955 N.E.2d 723, 727 (Ind. 2011) (stating "younger ages of victims tend to support harsher sentences"). Second, Powell is O.S.B.'s uncle. He held a position of trust with respect to the victim and her family, and he violated that trust. *See id.* (noting a harsher sentence is also appropriate where the defendant has violated a position of trust arising from a close family relationship). Prior to her disclosure, O.S.B. visited Powell's house on regular basis. On several occasions Powell picked her up from school or on her way home from school. Now, O.S.B. is scared to walk home from school and has difficulty trusting others. During sentencing, O.S.B.'s father stated he is "afraid to let her around anyone" because he trusted Powell. Transcript at 31. He also described the impact of Powell's inappropriate advances:

> It has really been hard on [O.S.B.] I mean [O.S.B.] was the type [of] child never scared of anything and now she is scared of so many things. . . . I work late some nights and she is home by herself or with her brothers and she's worried to be home by herself and she never was. I mean she was worried about nothing.

*Id.* at 32-33.

[7] As to Powell's character, we are troubled by his persistent failure to take responsibility for his actions. Although Powell eventually entered into a plea agreement with the State, he first attempted to explain away his behavior. The detective assigned to the case recalled Powell "minimized what he had done" by offering alternative explanations and excuses. *Id.* at 35. At one point during an interview with the detective, Powell stated O.S.B. viewed the pornographic material on accident when she picked up litter blowing through a field. At another point, Powell stated he gave O.S.B. a movie depicting nudity but denied the movie was pornographic. Powell also claimed he suffers from a pornography addiction. He stated a television show caused him to fantasize about rape and obsess over the idea of controlling another human being. In a letter to O.S.B. and her father, Powell characterized the "whole situation" as "stupid" and expressed his hope that "time will heal this" because "you are the only family I have[.]" State's Exhibit 1. He stated he does not blame O.S.B's father for "hating" him because he "would be so pissed off" if "it was [his child] instead of [O.S.B.]" *Id.* Similarly, Powell repeatedly told O.S.B. prior to her disclosure that she could not tell anyone about his requests because "then he would go to prison." Tr. at 20. Instead of recognizing the harm he inflicted on O.S.B., Powell casts himself as the victim.

[8] Based on the foregoing, we conclude both the nature of the offenses and Powell's character support the sentence the trial court imposed.

# Conclusion

[9] Powell's sentence is not inappropriate in light of the nature of the offenses and his character. We therefore affirm his sentence.

[10] Affirmed.

Najam, J., and Crone, J., concur.