## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 11 2016, 8:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Loren J. Comstock
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bawi Zaah,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 11, 2016

Court of Appeals Case No.
49A02-1506-CR-710

Appeal from the Marion Superior Court

The Honorable Mark D. Stoner, Judge

Trial Court Cause No.
49G06-1307-FA-47642

**Baker, Judge.**

Bawi Zaah appeals his twelve-year sentence for Attempted Sexual Misconduct with a Minor, a class B felony.[1] Zaah argues that there is insufficient evidence to support his conviction. He further asserts that his sentence is inappropriate in light of the nature of the offense and his character. Finding that the State presented sufficient evidence and that the sentence is not inappropriate, we affirm on both issues.

## Facts

In the fall of 2012, Zaah added N.T.H. on Facebook using the pseudonym "Rokbak Thang Abawi" for his account name. Although they had never met before, the two started messaging each other. When Zaah asked N.T.H. about her age, N.T.H. replied that she was fourteen years old. In reality, however, N.T.H. was only ten years old at the time. Zaah subsequently lied about his age and told N.T.H. that he was eighteen years old; in actuality, Zaah was twenty-five years old.

Over Facebook, Zaah messaged N.T.H. and told her that she was too young to have a boyfriend, that she should concentrate on school, and that he would buy N.T.H. whatever she wanted. He repeatedly told N.T.H. not to have a boyfriend or to have sex with other boys. He told N.T.H. that, "[e]ven if you're

---

[1] I.C. § 35-41-5-1(a) (attempt); I.C. § 35-42-4-9(a)(1) (sexual misconduct with a minor). Throughout this decision, we refer to and apply the version of the criminal statutes in effect at the time Zaah committed the offense.

young, I can wait for you." Tr. p. 65. He also messaged N.T.H. that she was pretty, that he loved her, and that he would like to meet her. N.T.H. informed Zaah, however, that her mother would not allow her to meet him. She did this several times. When Zaah continued to ask, N.T.H. replied, "I told you my mom doesn't want me to and that's enough." *Id.* at 69.

[4] One day, Zaah drove to N.T.H.'s house as she was playing outside. According to N.T.H., Zaah stopped in front of the house, grabbed her by the arm, and pulled her into his car. Zaah told N.T.H. not to shout. Zaah then drove N.T.H. to his apartment and had sex with her. As a result, N.T.H. began bleeding, and Zaah told her to clean herself up. N.T.H. asked Zaah to take her home, and he did. At this point, N.T.H. did not inform her parents about what had happened because Zaah told her that, if she told them, something bad would happen to her parents.

[5] Seven months later, N.T.H.'s mother (Mother) first inquired whether N.T.H. was pregnant while helping her daughter put on a dress for church. N.T.H. replied no because she thought that she was too young and did not know "if we get rape [sic] and pregnant." Tr. p. 31. Mother later confirmed that N.T.H. was pregnant through a pregnancy test.

[6] On July 2, 2013, at the age of eleven, N.T.H. gave birth to a daughter. Buccal swabs from N.T.H., the child, and Zaah were taken and were tested by an Indiana State forensic scientist. The tests concluded at a 99.9999 percent probability rate that Zaah is the father of the child.

Police Detective Shawn Looper interviewed Zaah, and Zaah stated that, when he saw N.T.H., he thought that she looked fifteen years old. Zaah also told Detective Looper that when he saw N.T.H. naked, she still looked fifteen years old to him and that she did not have pubic hair. Zaah claimed that N.T.H. told him that she was sixteen years old and adamantly denied N.T.H. ever telling him that she was fourteen years old over Facebook.

On July 23, 2013, the State charged Zaah with class A felony child molesting and class B felony sexual misconduct with a minor.[2] A bench trial was conducted from March 12 through April 20, 2015. At trial, N.T.H. testified that she had never told Zaah that she was sixteen years old, either in person or through any sort of electronic messaging. During the trial, it was revealed that N.T.H., her family, and Zaah are Burmese. Zaah testified that, although he admittedly had been in the United States for nearly eight years, in Burmese culture, people often marry at ages as early as fourteen years old. Mother disagreed, however, testifying that in Burmese culture, "we don't talk about marriage for a child." Tr. p. 107–08. On June 3, 2015, the trial court found Zaah guilty of Attempted Sexual Misconduct with a Minor and sentenced him to twelve years in the Department of Correction. Zaah now appeals.

---

[2] The State eventually dismissed the charge of child molesting and amended the second count to reflect a charge of class B felony attempted sexual misconduct with a minor.

# Discussion and Decision

## I. Sufficiency of the Evidence

[9] When reviewing a claim of insufficient evidence, this Court neither reweighs the evidence nor judges the credibility of witnesses, but considers only the evidence favorable to the verdict and all reasonable inferences which can be drawn therefrom. *Perry v. State*, 638 N.E.2d 1236, 1242 (Ind. 1994). Moreover, we respect a fact-finder's "exclusive province to weigh conflicting evidence." *Joslyn v. State*, 942 N.E.2d 809, 811 (Ind. 2011). We will affirm a defendant's conviction "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Id.*

[10] To convict Zaah of class B felony attempted sexual misconduct with a minor, the State was required to prove beyond a reasonable doubt that Zaah was at least twenty-one years of age and that he engaged in conduct that constituted a substantial step toward having sexual intercourse with a child who was aged fourteen or fifteen. I.C. § 35-41-5-1; I.C. § 35-42-4-9(a)(1). It is a defense to the crime, however, if Zaah reasonably believed that the child was at least sixteen years old at the time of the relevant incident. Ind. Code § 35-42-4-9(c).

[11] Zaah does not dispute that he had sexual intercourse with N.T.H. or that he was at least twenty-one years of age at the time of the relevant events. Zaah only raises the issue of whether there was sufficient evidence to disprove any

reasonable belief that N.T.H. was at least sixteen years of age at the time of the attempted sexual misconduct.

[12] We find that the evidence in the record was sufficient to permit the trial court to conclude that Zaah neither actually nor reasonably believed that N.T.H. was sixteen years old. Before ever knowing N.T.H.'s actual age, Zaah told N.T.H. that she looked too young to have a boyfriend. Moreover, Zaah told Detective Looper that, when he first saw N.T.H., Zaah thought that she was fifteen. He also stated that N.T.H. still looked fifteen years old when he saw her naked, and that she did not have pubic hair. Lastly, N.T.H. told Zaah over Facebook that she was only fourteen.

[13] Zaah argues that we should apply the incredible dubiosity rule to the facts of his case to render the evidence insufficient. The incredible dubiosity rule recognizes that, in very rare cases, a witness's credibility is so untrustworthy and lacking as to justify reversal on appeal. *See Moore v. State*, 27 N.E.3d 749, 755 (Ind. 2015). Our Supreme Court has stated that we should only invoke the doctrine "where a *sole witness* presents inherently contradictory testimony which is equivocal or the result of coercion and there is a *complete lack of circumstantial evidence* of the appellant's guilt." *Id.* (emphases in original). Thus, we will apply the incredible dubiosity rule only when we are confronted with incredibly dubious, improbable testimony. *See Rodgers v. State*, 422 N.E.2d 1211, 1213 (Ind. 1981).

[14]    We do not think that the incredible dubiosity rule is applicable in this case. Our Supreme Court has notably held that the uncorroborated testimony of one witness may be sufficient, by itself, to sustain a conviction on appeal. *Toney v. State*, 715 N.E.2d 367, 369 (Ind. 1999). N.T.H. told Zaah that she was only fourteen years old, and although she testified at trial that she was familiar with a phrase in her native language that was a way of saying that a person is sixteen years old, she also stated that she never told Zaah that she was sixteen. We do not find her testimony to be incredibly dubious or contradictory, and thus decline Zaah's invitation to reweigh the evidence.

## II. Appropriateness of Sentence

[15]    Zaah also appeals the length of his sentence. Indiana has not adopted a mechanical approach to sentencing. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In reviewing claims of inappropriate sentencing, we give considerable deference to the trial court's judgment. *Id.* at 1222. It has long been recognized, however, that we may revise a defendant's sentence on appeal if we find that "the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). Although there are undoubtedly a myriad of factors that can come to light in any given case, our Supreme Court has held that ultimately "the length of the aggregate sentence and how it is to be served are the issues that matter." *Cardwell*, 895 N.E.2d at 1224.

[16] Zaah was convicted of a class B felony. A person who has been sentenced with a class B felony faces a minimum sentence of six years, a maximum sentence of twenty years, and an advisory sentence of ten years imprisonment. Ind. Code § 35-50-2-5(a). Zaah's sentence of twelve years, then, is two years above the advisory sentence but well under the maximum possible term he faced.

[17] With respect to Zaah's character, we note that, despite N.T.H.'s persistent refusals to meet with Zaah, he continued to message her. Zaah lied about his own age, pretending to be only a teenager himself, and attempted to seduce N.T.H. Moreover, the trial court found that Zaah showed a lack of remorse and an inability to take responsibility for his actions. Tr. pp. 271–72. And although Zaah was correct to point out to the trial court that this was his first offense, that alone is not enough to make his sentence inappropriate. Zaah's character does not aid his Rule 7(B) argument.

[18] With respect to the nature of the offense, Zaah asks us to consider his Burmese cultural background. But N.T.H.'s mother testified that in Burmese culture "we don't talk about marriage for a child." Tr. 107–08. Moreover, Zaah had been living in the United States for eight years at the time he committed the instant offense, which was more than enough time for him to become familiar with the laws and customs regarding marriage, as well as sexual relationships between adults and minors, in this country. We are unpersuaded that Zaah's cultural heritage softens the nature of this offense.

[19]     When considering the nature of an offense, we look to a variety of factors, including the victim's age and threats made by the defendant to obtain the victim's silence. *Hamilton v. State*, 955 N.E.2d 723, 726 (Ind. 2011). Here, N.T.H. was only ten years old at the time of the relevant events. In committing his crime, Zaah drove to N.T.H.'s house and took N.T.H. forcibly by the arm and pulled her into his car. He told her not to shout, had sex with her inside of his apartment, and ordered her to not tell her parents about the incident. As a result of the encounter, N.T.H. became pregnant and gave birth at the age of eleven. In sum, there is a host of factors that justify Zaah's twelve-year sentence. We do not find the twelve-year sentence inappropriate in light of Zaah's character and the nature of the crime that he committed.

[20]     The judgment of the trial court is affirmed.


         Vaidik, C.J., and Najam, J., concur.