## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 31 2020, 9:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Justin R. Wall
Wall Legal Services
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brent C. Scheiber,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 31, 2020

Court of Appeals Case No.
20A-CR-388

Appeal from the Wells Circuit
Court

The Honorable Kenton W. Kiracofe,
Judge

Trial Court Cause No.
90C01-1901-MR-1

**Bailey, Judge.**

# Case Summary

[1] Following the death of a young child in his care, Brent C. Scheiber ("Scheiber") pleaded guilty to Aggravated Battery, as a Level 1 felony,[1] and was sentenced to thirty-five years in the Indiana Department of Correction. On appeal, he raises the single, restated issue of whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

# Facts and Procedural History

[2] On January 7, 2019, Scheiber was caring for his girlfriend's eighteen-month-old daughter, K.P, while his girlfriend was at work. Shortly after 8:00 a.m., Scheiber called 9-1-1 and reported that K.P was having trouble breathing. When emergency medical services and law enforcement arrived, K.P. was in an unresponsive or semi-responsive state. Scheiber stated that he had briefly left K.P. in her crib and when he returned, K.P. was on the floor, apparently having fallen out.

[3] K.P. was taken by ambulance to the hospital. On arrival, K.P. was semi-responsive, had bruising on her forehead, and her pupils were fixed and dilated. Medical tests revealed that K.P. suffered from a very large subdural hematoma, circular in shape and roughly the size of a fist, under significant pressure; a skull fracture; a torn frenulum inside her upper lip; and multiple retinal hemorrhages

---

[1] Ind. Code § 35-42-2-1.5.

in both eyes. The on-call neurosurgeon opined that, based on its shape, the skull fracture likely was caused by blunt force trauma, rather than from a fall from a crib onto a carpeted floor, and likely occurred within hours of K.P.'s arrival at the hospital. The treating ophthalmologist opined the retinal hemorrhaging was most consistent with a violent shaking injury and unlikely to have been caused by a single fall.

[4]     K.P. died on January 12. A preliminary autopsy report indicated the cause of death was a subdural hematoma due to blunt force injury to the head.

[5]     On January 16, 2019, Scheiber was charged with Murder, a felony;[2] Neglect of a Dependent Resulting in Death, as a Level 1 felony;[3] and Aggravated Battery, as a Level 1 felony.

[6]     On December 11, 2019, Scheiber pleaded guilty to aggravated battery, and the remaining charges were dismissed. Under the plea agreement, sentencing was left to the trial court's discretion. Following a sentencing hearing held February 6, 2020, the trial court sentenced Scheiber to thirty-five years in the DOC, with no portion of the sentence suspended. Scheiber now appeals.

---

[2] I.C. § 35-42-1-1(1).

[3] I.C. §§ 35-46-1-4(a)(1) & (b)(3).

# Discussion and Decision

[7]     Article 7, Section 6 of the Indiana Constitution grants this Court authority to review and revise sentences imposed by the trial court. To implement this grant of authority, Indiana Appellate Rule 7(B) provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The analysis is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). The principal role of our review is to leaven the outliers, and our review is very deferential to the trial court. *Id*. The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Id*.

[8]     Scheiber pleaded guilty to aggravated battery, as a Level 1 felony.[4] The sentencing range for a Level 1 felony is twenty to forty years, with an advisory sentence of thirty years. I.C. § 35-50-2-4(b). Thus, Scheiber's thirty-five-year sentence, with no portion suspended, was above the advisory sentence. On appeal, Scheiber asks this Court to impose a sentence at or below the advisory sentence with a portion of the sentence suspended.

---

[4] "A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death . . . commits aggravated battery, a Level 3 felony. However, the offense is a Level 1 felony if it results in the death of a child less than fourteen (14) years of age and is committed by a person at least eighteen (18) years of age." I.C. § 35-42-2-1.5.

[9] As to the nature of the offense, Scheiber knowingly inflicted injury carrying a substantial risk of death on an eighteen-month-old child in his sole care. K.P. suffered a subdural hematoma, skull fracture, torn frenulum, and multiple retinal hemorrhages. She spent six days in the hospital and endured an emergency craniotomy and additional surgery to relieve brain swelling before succumbing to her injuries.

[10] Regarding the severity of the injury inflicted and K.P.'s tender age, Scheiber posits there is nothing egregious about his offense "that is not already accounted for by the Aggravated Battery statute." (Appellant's Br. 17.) As to the severity of the injury, the record does not reveal specifically how Scheiber inflicted harm on K.P. At the change of plea hearing, Scheiber admitted only to knowingly inflicting an injury on K.P. that created a substantial risk of death and that did eventually lead to her death, as charged. Thus, while we cannot say the battery was particularly egregious, neither can we conclude it was not. Nevertheless, the victim's age may be considered when evaluating whether a sentence is inappropriate, even where the victim's age elevates the level of the offense. *See Hamilton v. State*, 955 N.E.2d 723, 727 (Ind. 2011) (noting that "the victim's age also suggests a sliding scale in sentencing, as younger ages of victims tend to support harsher sentences. . . . The younger the victim, the more culpable the defendant's conduct."). In light of K.P.'s tender age, the nature of the offense does not suggest the sentence is inappropriate.

[11] As to Scheiber's character, he points to multiple factors that portray his character in a positive light, including, *inter alia*: (1) his lack of criminal history,

(2) that he took responsibility for his actions and apologized to K.P.'s family, (3) that he called 9-1-1 shortly after the injury, (4) his record of honorable military service, (5) his strong support network of family and friends, and (6) that the Indiana Risk Assessment System Community Supervision Tool indicated he is at low risk to reoffend.

[12] Nevertheless, Scheiber was K.P.'s sole caregiver on the morning of January 7, 2019, and he violated that position of trust when he knowingly inflicted severe injury on her. Further, when medical personnel and law enforcement arrived, Scheiber lied about the circumstances of K.P.'s injury to minimize his responsibility. Scheiber's commission of an unprovoked act of violence on a helpless and vulnerable child in his care does not speak well of his character.

[13] Having reviewed the nature of the offense and his character, we are not persuaded that Scheiber's thirty-five-year sentence for aggravated battery is inappropriate.

[14] Affirmed.

Baker, J., and Vaidik, J., concur.