## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 29 2020, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James C. Spencer
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Myriam Serrano
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas Adler,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 29, 2020<br><br>Court of Appeals Case No.<br>20A-CR-424<br><br>Appeal from the Switzerland<br>Circuit Court<br><br>The Honorable W. Gregory Coy,<br>Judge<br><br>Trial Court Cause No.<br>78C01-1811-F4-465 |

**Tavitas, Judge.**

## Case Summary

[1] Thomas Adler appeals his six-year sentence, entered pursuant to a guilty plea, for attempt to commit sexual misconduct with a minor, a Level 4 felony. We affirm.

## Issue

[2] Adler raises a single issue, which we restate as whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

## Facts

[3] On September 27, 2018, fifty-year-old Thomas Adler initiated a series of conversations via Facebook messenger with an account he believed to belong to a fifteen-year-old girl. Unbenownst to Adler, the account was actually operated by officers with the Switzerland County Sheriff's Office. The conversations, which continued until November 17, 2018, soon became sexual in nature. During one conversation, Adler indicated that he was "into feet" and liked to "suck on toes and kiss feet."[1] Appellant's App. Vol. II p. 30. Adler also attempted to solicit photographs of the ficitious minor's feet, asked if she shaved

---

[1] We note that the particulars of the Facebook conversations do not appear to have been established at either the guilty plea or sentencing hearing. Nevertheless, references to the conversations do appear as part of the probable cause affidavit, which was included in the pre-sentence investigation report ("PSI"). Adler was afforded the opportunity to review the PSI and make corrections. Adler did not dispute the contents of the PSI, and we, therefore, consider them to be accurate. *Dillard v. State*, 827 N.E.2d 570, 576 (Ind. Ct. App. 2005) ("We are left to conclude that the information contained in the report is presumed accurate unless the defendant challenges it in some respect."), *trans. denied*.

her genital region, and asked "if there was anything the juvenile female would like to try sexually, like anal sex." *Id*.

[4] Adler and the ficitious minor discussed meeting and even developed a cover story for a scenario in which they were seen together. On November 17, 2018, Adler drove from Madison, Indiana, to a Vineyard Street address in Vevay, believing it to be the address of the fictitious minor. Instead, Adler was met by police, who asked him what he was doing there. Adler responded that he was meeting his "friend who live[d] there" and then gave police the name from the Facebook profile. *Id*. Adler admitted that he drove to that address in order to engage in sexual acts with a fifteen-year-old minor. Adler then consented to an interview with police, during which he admitted his wrongdoing and wrote a letter of apology to the fictitious minor.

[5] In November 2018, the State charged Adler with: Count I, attempted sexual misconduct with a minor, a Level 4 felony; and Count II, child solicitation, a Level 5 felony. On January 24, 2020, Adler pleaded guilty as charged without a plea agreement. For reasons of double jeopardy, conviction and sentence were only entered for Count I. At the sentencing hearing, conducted on the same day as the guilty plea hearing, Adler presented evidence in the form of a character witness, Gregg Riley. Riley served alongside Adler as a volunteer firefighter and testified that Adler was nonviolent, and had never shown an interest in young girls. At the time of the offense, Adler was on probation for a

battery conviction in Scott County in 2016.[2] That conviction resulted from an altercation in which Adler stabbed a person three times in the stomach with a box cutter. Adler testified that he was aware that the attempted sexual misconduct charge constituted a violation of his probation for the battery charge, in addition to the fact that he was already in violation of the terms of that probation for failing to pay required fees. Adler also has a prior conviction for misdemeanor check deception in 1995.

[6] The trial court announced its sentence for the conviction on Count I, stating:

> First of all, Mr. Adler has saved the taxpayers the cost of an expensive trial by accepting responsibility and voluntarily entering a plea of guilty. In this particular instance, the crime neither caused or threatened serious harm to persons or property only because the potential victim was [sic] a real person. The court is going to find that the crime is a result of circumstances unlikely to reoccur. Mr. Adler and his friend, Mr. Riley, indicated that he doesn't appear to have, Mr. Adler says he does not have any attraction to young girls and Mr. Riley testified that Mr. Adler had been around his daughters and he didn't express any particular concerns. If I read the pre-sentence correctly, I believe Mr. Adler is a high school graduate. He has been gainfully employed, I believe, for all of his adult life other than that period where he was incarcerated. I would say that the character and attitudes of the defendant indicate that he is less likely to commit another crime. He does show remorse for his actions. He showed remorse at the time of his arrest and today at sentencing and he has cooperated with the police. I believe those are the mitigating factors that the court would find. The court

---

[2] Adler pleaded guity in November of 2016. App. Vol. II p. 36.

does find that there are [sic] aggravating factor present here. Mr. Adler has a history of criminal activity. One is a case from Jennings County that was a check deception but that's just a misdemeanor and he did have an acquittal on another matter but he also has a criminal record in Case No.72C01-1512-F3-11 where he pleaded guilty or was convicted of battery with a deadly weapon, a level 5 felony.

Tr. Vol. II pp. 22-23. The trial court concluded that "the aggravating and mitigating factors essentially balance out and that the advisory sentence [is] appropriate in this case." *Id.* at 23. The trial court entered an advisory sentence of six years to be served in the Department of Correction.[3] Adler now appeals that advisory sentence.

## Analysis

Adler argues that his advisory sentence is inappropriate in light of the nature of the offense and the character of the offender. The Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decision. *See* Ind. Const. art. 7, §§ 4, 6; *Jackson v. State*, 145 N.E.3d 783, 784 (Ind. 2020). Our Supreme Court has implemented this authority through Indiana Appellate Rule 7(B), which allows this Court to revise a sentence when it is "inappropriate in light of the nature of the offense and the character of the offender." Our review of a sentence under Appellate Rule 7(B)

---

[3] The trial court ordered that the sentence be served consecutively to any sentence imposed in Adler's Scott County battery case and that Adler register as a sex offender on the sex offender registry for ten years following his release from imprisonment. App. Vol. II pp. 68-69.

is "not a matter of second guessing" the trial court's sentence; rather, our review is "very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). We exercise our authority under Appellate Rule 7(B) only in "exceptional cases, and its exercise 'boils down to our collective sense of what is appropriate.'" *Mullins v. State*, 148 N.E.3d 986, 987 (Ind. 2020) (quoting *Faith v. State*, 131 N.E.3d 158, 160 (Ind. 2019)).

[8] "'The principal role of appellate review is to attempt to leaven the outliers.'" *McCain v. State*, 148 N.E.3d 977, 985 (Ind. 2020) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)). The point is "not to achieve a perceived correct sentence." *Id*. "Whether a sentence should be deemed inappropriate 'turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case.'" *Id*. (quoting *Cardwell*, 895 N.E.2d at 1224). Deference to the trial court's sentence "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[9] We recognize the advisory sentence as both "a helpful guidepost for ensuring fairness, proportionality, and transparency in sentencing," *Hamilton v. State*, 955 N.E.2d 723, 726 (Ind. 2011), and as the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Connor v. State*, 58 N.E.3d 215, 220 (Ind. Ct. App. 2016) (citing *Childress v. State*, 848 N.E.2d 1073,

1081 (Ind. 2006)). Adler was convicted of attempted sexual misconduct with a minor, a Level 4 felony. Indiana Code Section 35-50-2-5.5 provides that "[a] person who commits a Level 4 felony shall be imprisoned for a fixed term of between two (2) and twelve (12) years, with the advisory sentence being six (6) years." The trial court here imposed the advisory sentence of six years. The defendant's burden of persuasion is particularly heavy when the trial court enters the advisory sentence. *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied*.

[10]  For our analysis of the "nature of the offense[,]" we are required to examine "'the nature, extent, and depravity of the offense.'" *Guzman v. State*, 985 N.E.2d 1125, 1134 (Ind. Ct. App. 2013) (quoting *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008), *trans. denied*). The operators of the Facebook account informed Adler that he was speaking with a fifteen-year-old girl, and Adler accepted that claim. Nevertheless, Adler proceeded to engage in conversations of a sexual nature, by asking the fictitious minor about her sexual interests and genitalia, as well as planning to meet in order to engage in sexual acts. Adler then travelled to an address provided by police with the admitted intent of engaging in those sexual acts. Nothing in the record suggests that Adler was aware that he was conversing with police via Facebook messenger.

[11]  Adler argues that "[t]he fact that no 'girl' existed should have mitigated Adler's sentence to something less than a fully executed advisory sentence." Appellant's Br. p. 10. The lack of an actual person as a victim certainly can be a valid mitigator. Ind. Code § 35-38-1-7.1(b)(1). Indeed, the sentencing court

recognized and considered the mitigating factor that "the crime neither caused nor threatened serious harm to persons or property." Appellant's App. Vol. II p. 67. The State, however, emphasizes the prurient details of the offense: the protracted nature of the conversations, their sexual content, and the fact that Adler was intent on engaging in sexual acts with a minor. Our Supreme Court has held that crimes against children are particularly contemptible. *Harris v. State*, 897 N.E.2d 927, 929 (Ind. 2008). Although no actual child was involved in this case, the fact that the intended victim was a child is relevant to the *nature* of the offense, and "[t]he younger the victim, the more culpable the defendant's conduct." *Hamilton*, 955 N.E.2d at 727. Moreover, nothing in the record suggests that Adler was aware that he was really corresponding with police. As such, his culpability is not undermined by the absence of a singular victim.

[12] With respect to Rule 7(B)'s other prong—the character of the offender—we will consider the defendant's background, criminal history, age, and remorse. *See, e.g, James v. State*, 868 N.E.2d 543, 548-49 (Ind. Ct. App. 2007). Adler emphasizes the testimony of Riley, his character witness. That testimony, coupled with the PSI, suggests that fifty-year-old Adler is a high school graduate and has been gainfully employed for most of his adult life. The sentencing court acknowledged and duly weighed that evidence, just as it did the evidence suggesting that the circumstances of the crime were unlikely to recur. The court also considered the evidence of Adler's remorse, and that "the character and attitudes of the defendant indicate that he is less likely to commit another crime." App. Vol. II p. 67.

[13] The sentencing court considered Adler's criminal history as an aggravating factor. "The significance of a criminal history in assessing a defendant's character is based on the gravity, nature, and number of prior offenses in relation to the current offense." *Boling v. State,* 982 N.E.2d 1055, 1060 (Ind. Ct. App. 2013) (citing *Rutherford v. State,* 866 N.E.2d 867, 874 (Ind. Ct. App. 2007)). Even a minor criminal history is a poor reflection of a defendant's character. *Moss v. State,* 13 N.E.3d 440, 448 (Ind. Ct. App. 2014) (citing *Boling*, 982 N.E.2d at 1060), *trans. denied*. Adler's criminal history, while not extensive, includes a prior conviction for misdemeanor check deception, as well as a recent conviction for battery by use of a deadly weapon, a Level 5 felony. Additionally, Adler was on probation at the time of the instant offense, and was already in violation of the terms of that probation, having failed to pay required fees.

[14] Our role in applying Appellate Rule 7(B) is not to merely second-guess the trial court's sentence, *Conley*, 972 N.E.2d at 876, nor is it to reweigh particular mitigating or aggravating factors, as Adler asks us to do here. On the contrary, our sentencing review analysis is deferential to the trial court's decision. *George v. State*, 141 N.E.3d 68, 73 (Ind. Ct. App. 2020), *trans. denied*. The appellant has the burden to persuade us that, *as a whole*, the sentence is inappropriate. Adler's arguments are a challenge to the weight the trial court assigned particular mitigating factors. That is not the proper focus of Appellate Rule 7(B). *Stephenson*, 29 N.E.3d 122. In light of the nature of the offenses and the

character of the offender, we cannot find that Adler's advisory sentence is inappropriate.[4]

## Conclusion

Adler's sentence is not inappropriate. We affirm.

Affirmed.

Kirsch, J., and Pyle, J., concur.

---

[4] Adler makes the argument that, even if the duration of the sentence is appropriate, the trial court's imposition of the sentence as fully-executed is inappropriate. Appellant's Reply Br. p. 8. *How* a sentence is to be served can be a proper consideration under Rule 7(B). *Cardwell*, 895 N.E.2d. at 1224 ("Ultimately the length of the aggregate sentence and how it is to be served are the issues that matter."). That determination, however, is best suited to the discretion of the trial court. Our analysis in this case does not change simply because the the inquiry is framed with respect to how the sentence is to be served, as opposed to its duration.